IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-638-D

| | |
|---|---|
| ADVANCED INTERNET TECHNOLOGIES, INC., ) ) ) Plaintiff, ) ) v. ) ) MARK MCGARRITY, and ) MISSION106 MARKETING, LLC, ) ) Defendants. ) | **ORDER** |

On July 30, 2013, Advanced Internet Technologies, Inc. ("AIT") filed a complaint in Cumberland County Superior Court alleging a breach-of-contract claim against Mark McGarrity ("McGarrity"). See [D.E. 11]. On September 5, 2013, McGarrity removed the action to this court based upon diversity jurisdiction [D.E. 1]. See 28 U.S.C. § 1332. On October 14, 2013, McGarrity moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that he did not sign the relevant contract on his own behalf, but rather on the behalf of Mission106 Marketing, LLC ("Mission106"), a company for which he is the Chief Operating Officer ("COO"). See [D.E. 13]. In response, on December 3, 2013, AIT amended its complaint to add Mission106 as a defendant [D.E. 18].

On December 17, 2013, McGarrity moved to dismiss the amended complaint pursuant to Rule 12(b)(6), again arguing that he was not a party to the relevant contract [D.E. 22]. On December 30, 2013, AIT responded in opposition to McGarrity's motion to dismiss [D.E. 24]. On January 13, 2014, McGarrity replied [D.E. 27].

On February 4, 2014, Mission106 answered the amended complaint and filed a breach-of-contract counterclaim against AIT [D.E. 29]. On February 24, 2014, AIT moved to dismiss the counterclaim pursuant to Rules 12(b)(1) and 12(b)(6) [D.E. 31]. On March 17, 2014, Mission106 responded in opposition to AIT's motion to dismiss the counterclaim [D.E. 34]. AIT did not reply. As explained below, the court denies McGarrity's motion to dismiss the amended complaint and denies AIT's motion to dismiss the counterclaim. The court also denies AIT's motion to allow mediation without the personal presence of AIT's business principals.

I.

AIT is a North Carolina corporation with its principal place of business in Fayetteville, North Carolina. Am. Compl. [D.E. 18] ¶ 1. AIT operates a data center, which it uses to provide "a variety of technology services and products to make use of the internet and worldwide web," such as "domain registration, web-hosting, e-commerce, and the provision of internet protocol addresses" ("IP addresses"). Id. ¶¶ 5–6. Mission106 is a Delaware LLC that operates an e-commerce business from a physical address in Franklin, Tennessee. Countercl. [D.E. 29] ¶ 1; accord Am. Compl. ¶¶ 3, 5. McGarrity, a Tennessee resident, is Mission106's COO. Am. Compl. ¶ 2; see [D.E. 23-1, 29-1] 3.

AIT and McGarrity negotiated a "conditional license agreement" (the "Agreement"), which was executed on July 5, 2013. Compl. ¶ 8; see Agr. [D.E. 23-1, 29-1].[1] McGarrity negotiated the Agreement as an agent of Mission106 and not on his own behalf, but AIT alleges that McGarrity did

---

[1] The court may consider the Agreement without converting either party's motion to dismiss into a motion for summary judgment, because the Agreement is integral to and explicitly relied on in both AIT's amended complaint and Mission106's counterclaims, and neither party challenges the Agreement's authenticity. See, e.g., Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999).

2

not disclose that fact at the time. Compl. ¶ 8. The Agreement is on a fillable form published by AIT. See Agr. 1–2. In the form's "Customer Information" section, "Mark McGarrity" is listed as the "Contact Name," and "Mission106 Marketing"—without an "LLC"—is listed as the "Company Name." Id. 1. In the signature block, "Mark McGarrity" is signed in a field labeled "Authorized by," and "COO" is written in a field labeled "Title." Id. 2.

In the Agreement, AIT agreed to provide Mission106 with a dedicated server and temporary access to 6,000 IP addresses with certain characteristics. Id. 2; accord Compl. ¶ 9.a; Countercl. ¶ 8. In exchange, McGarrity, on behalf of Mission106, promised to pay AIT more than $100,000 over the course of one year, in monthly installments. Agr. 1; accord Compl. ¶ 9.b. The Agreement provided that if Mission106 caused the IP addresses to be flagged as "spam," Mission106 would owe an additional service fee, and AIT would have the right to terminate the agreement. Agr. 1; accord Compl. ¶ 9.c. AIT alleges that Mission106 breached the Agreement by causing a large portion of the IP addresses to be flagged as spam. See Compl. ¶ 10. AIT demanded that Mission106 pay the entire contract amount plus a service fee, but neither McGarrity nor Mission106 have paid. Compl. ¶ 11. In response, Mission106 counterclaims and alleges that the IP addresses AIT provided failed to meet the Agreement's specifications. See Countercl. ¶ 11.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted); see Fed. R. Civ. P. 12(b)(6); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 563 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The court "accepts all well-pled facts as true," but need not accept a complaint's "bare assertions devoid of further factual enhancement," nor a complaint's statements or conclusions of law. Nemet Chevrolet, Ltd.

3

v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

Under North Carolina law, "[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." Poor v. Hill, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000). McGarrity contends that no valid contract exists between him and AIT, because he signed the Agreement as an agent of Mission106, not in his individual capacity. See McGarrity Mem. Supp. Mot. Dismiss [D.E. 23] 6–9. "[A]n agent who contracts on behalf of a disclosed principal and within the scope of his authority, in the absence of an agreement otherwise, or other circumstances showing that he has expressly or impliedly incurred or intended to incur personal responsibility, is not personally liable to the other contracting party." Walston v. R.B. Whitley & Co., 226 N.C. 537, 540, 39 S.E.2d 375, 377 (1946). However, "[t]he duty is on the agent to make this disclosure and not upon the third person with whom he is dealing to discover it." Howell v. Smith, 261 N.C. 256, 259, 134 S.E.2d 381, 383 (1964). It is not enough for the third party to have "had means of discovering that the agent was acting as such," because "[m]ere suspicion and means of knowledge do not amount to actual knowledge." Id. at 259, 134 S.E.2d at 383–84.

AIT alleges that McGarrity failed to disclose that he entered the Agreement on behalf of Mission106. That allegation is plausible given that the Agreement does not specify on its face that "Mission106 Marketing" is a limited liability company rather than a sole proprietorship. Agr. 1; see e.g., Howell, 261 N.C. at 259, 134 S.E.2d at 384 ("the use of a trade name is not as a matter of law a sufficient disclosure of the identity of the principal and the fact of agency"); MAS Corp. v. Thompson, 62 N.C. App. 31, 37, 302 S.E.2d 271, 276 (1983). Accordingly, on the current record, McGarrity's motion to dismiss is denied.

4

As for AIT's motion to dismiss Mission106's counterclaim, AIT argues that McGarrity entered the Agreement on his own behalf, not as the agent for Mission106, and that therefore Mission106 has failed to plausibly allege the existence of a valid contract between Mission106 and AIT. See AIT Mem. Supp. Mot. Dismiss [D.E. 31-1] 2–4. Mission106 has alleged that it is a party to the Agreement, and that allegation is plausible given that the Agreement lists "Mission106 Marketing" in the "Company Name" field on the Agreement, and lists McGarrity only as a "contact." Agr. 1; see, e.g., Indus. Air, Inc. of Greensboro v. Bryant, 23 N.C. App. 281, 284, 209 S.E.2d 306, 308–09 (1974). Accordingly, on the current record, AIT's motion to dismiss is denied.

As for AIT's motion to allow mediation without the personal presence of AIT's business principals, Local Alternative Dispute Rule 101.1d(d)(1), requires the physical presence at mediation of "an officer, manager, or director of a corporate or entity party" with "full authority to negotiate on behalf of the entity and to approve or . . . recommend a settlement." This requirement may be waived only "[b]y agreement of all parties and persons required to attend and the mediator," or by order of the court. Local Alternative Dispute Rule 101.1d(d)(2). The only reason AIT gives for its motion is a preference to "avoid having its business principals away from its business operations" because "their personal presence is beneficial to the day-to-day operations of [AIT]." [D.E. 40] ¶ 3; see [D.E 41]. AIT decided to file a lawsuit and now finds itself in this court. This court expects AIT to abide by its local rules. AIT's preference does not warrant an exception to the local rules. Accordingly, AIT's motion is denied.

II.

In sum, the court DENIES McGarrity's motion to dismiss [D.E. 22], DENIES AIT's motion to dismiss Mission106's counterclaim [D.E. 31], and DENIES AIT's motion to allow mediation without the personal presence of AIT's business principals [D.E. 40].

SO ORDERED. This 4 day of September 2014.

                                              JAMES C. DEVER III
                                              Chief United States District Judge